UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

TREVONNE KING,                                         Case No. 16 CV 306
                              Plaintiff,               (LDH) (ST)


              -against-                                **AMENDED COMPLAINT**


THE CITY OF NEW YORK, P.O. HUSSEIN                     JURY DEMAND
BOUTARI [SHIELD # 31754], P.O. GEORGE
AZIZE [SHIELD # 16004], DETECTIVE
WHITE, and JOHN DOE AND JANE DOE
#1-15 (the names John and Jane Doe being
fictitious, as the true names are presently
unknown),
                              Defendants.
---------------------------------------------------------------X


Plaintiff, TREVONNE KING, by his attorney, The Law Offices of UGO UZOH, P.C.,
complaining of the defendants herein, The City of New York, P.O. Hussein Boutari
[Shield # 31754], P.O. George Azize [Shield # 16004], Detective White and John Doe
and Jane Doe #1-15 (collectively, "defendants"), respectfully alleges as follows:

1.      This is an action at law to redress the deprivation of rights secured to the
        plaintiff under color of statute, ordinance, regulation, custom, and/or to
        redress the deprivation of rights, privileges, and immunities secured to the
        plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the
        Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising
        under the law and statutes of the City and State of New York].

                            <u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
        U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the
        Fourth, Fifth, Sixth and Fourteenth Amendments to the United States
        Constitution.

3.      As the deprivation of rights complained of herein occurred within the
        Eastern District of New York, venue is proper in this district pursuant to 28
        U.S.C. §1391 (b) and (c).

## THE PARTIES

4.     Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.     Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.     The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.     Defendant P.O. Hussein Boutari [Shield # 31754] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8.     Defendant P.O. George Azize [Shield # 16004] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

9.     Defendant Detective White was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10.    Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

11.    Defendants Boutari, Azize and John Doe and Jane Doe are collectively referred to herein as "Boutari defendants".

12.    Defendants White and John Doe and Jane Doe are collectively referred to herein as "White defendants".

13.    Boutari, White, John Doe and Jane Doe defendants are collectively referred to herein as "defendant officers".

14.    At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

2

<u>FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

The June 13, 2015, Incident

15.      On or about June 13, 2015, at approximately 10:30 p.m., Boutari defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of 131 Belmont Avenue, Brooklyn, New York, and charged plaintiff with PL 225.05 'Promoting gambling in the second degree'.

16.      Plaintiff, however, did not gamble nor promote any gambling, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

17.      Prior to the arrest, plaintiff and several of his siblings, relatives, friends and neighbors were gathered outside in their neighborhood for some fresh air on a hot summer day.

18.      After a period of time, Boutari defendants appeared at the scene and indicated that they were looking for guns and drugs.

19.      Within a few minutes of their arrival, Boutari defendants started grabbing and arresting many of the individuals who were gathered outside at the time.

20.      At around the same time, Boutari defendants forcibly grabbed and arrested the plaintiff.

21.      Boutari defendants tightly handcuffed the plaintiff with his hands placed behind his back.

22.      Boutari defendants then subjected plaintiff to an illegal and warrantless search with Boutari defendants pushing, shoving, kicking and grabbing the plaintiff.

23.      Boutari defendants' illegal and warrantless search of the plaintiff did not yield any contraband.

24.      Notwithstanding the above, Boutari defendants forcibly pushed the plaintiff into their police vehicle and transported plaintiff to NYPD-Housing Bureau, Police Service Area 2 (PSA 2), for arrest processing.

25.     After detaining the plaintiff for a lengthy period of time at the station house, Boutari defendants caused a legal process to be issued to the plaintiff requiring him to appear in the criminal court on July 23, 2015.

26.     On July 23, 2015, plaintiff appeared in the criminal court as he was directed but was advised that the false charge(s) levied against him was adjourned to January 22, 2016, in contemplation of dismissal.

27.     On or about January 22, 2016, the false charge(s) levied against plaintiff was dismissed and sealed.

The October 18, 2015, Incident

28.     On or about October 18, 2015, at approximately 12:00 a.m., unknown police officer defendants John and Jane Doe, acting in concert, arrested plaintiff without cause at 131 Belmont Avenue, Apt. 3F, Brooklyn, New York, and charged plaintiff with PL 265.01-b(1) 'Criminal possession of a firearm', PL 265.01(1) 'Criminal possession of a weapon in the fourth degree', AC 10-131.13, and PL 221.05 'Unlawful possession of marihuana'.

29.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

30.     Prior to the October 18, 2015 arrest, plaintiff was visiting with his friend Marlon Sealey at the aforementioned address.

31.     Plaintiff, Mr. Sealey and their mutual friend, Jahquest Johnson, were inside Mr. Sealey's home playing a game on PlayStation in Mr. Sealey's living room.

32.     At some point during the game, Mr. Sealey stepped out of his apartment to throw out trash.

33.     Upon approaching the lobby area, Mr. Sealey was unlawfully stopped and interrogated by several police officer defendants John Doe and Jane Doe.

34.     Defendants John and Jane Doe asked Mr. Sealey numerous questions including, but not limited to, his name, address, what he was doing and his destination.

35.     Mr. Sealey duly responded to defendants John and Jane Does' questions, and was thereafter momentarily released by said defendants.

36.     Mr. Sealey then proceeded to discard the trash.

37.     After discarding the trash, Mr. Sealey attempted to return back to his home.

38.     As Mr. Sealey attempted to open his door, defendants John and Jane Doe suddenly appeared and forcibly gained entry into Mr. Sealey's home.

39.     Defendants John Doe and Jane Doe then stormed into Mr. Sealey's living room and proceeded to tightly handcuff the plaintiff with his hands placed behind his back.

40.     Defendants John Doe and Jane Doe also tightly handcuffed Messrs. Sealey and Johnson with their hands placed behind their respective backs.

41.     After tightly handcuffing the plaintiff and his friends, defendants John Doe and Jane Doe proceeded to perform a warrantless search of the plaintiff and his friends.

42.     Defendants John Doe and Jane Doe also performed a warrantless search of Mr. Sealey's home damaging several of Mr. Sealey's properties in the process including, but not limited to Mr. Sealey's bed frames.

43.     Defendants' illegal and warrantless search of the plaintiff, plaintiff's friends and Mr. Sealey's home did not yield any contraband.

44.     Notwithstanding the above, defendants John Doe and Jane Doe forcibly pushed the plaintiff and his friends into their police vehicle and transported the plaintiff and his friends to PSA 2, for arrest processing.

45.     Thereafter, defendants John Doe and Jane Doe transported the plaintiff and his friends to NYPD-73rd Precinct where they were further interrogated by several NYPD officers including, but not limited to, Detective White.

46.     Eventually, following the interrogations, plaintiff and his friends were transported back to PSA 2.

47.     After detaining the plaintiff and his friends for a lengthy period of time, plaintiff and his friends were transported to the Central Booking to await arraignment.

48.     While plaintiff was awaiting arraignment, defendants John Doe and Jane Doe met with prosecutors employed by Kings County District Attorney's Office.

49.     During this meeting, defendants John Doe and Jane Doe falsely stated to the prosecutors, among other things, that the plaintiff and his friends, Messrs. Sealey and Johnson, were each in possession of a firearm and marihuana.

50.     Based on the false testimony of defendants John Doe and Jane Doe, the prosecutors initiated criminal actions against the plaintiff and his friends.

51.     Upon arraignment, plaintiff was released on his own recognizance but was required to return to the criminal court on October 23, 2015, to defend the false charges levied against him by defendants John Doe and Jane Doe.

52.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him by defendants John Doe and Jane Doe.

53.     On or about April 29, 2016, the false charges levied against plaintiff were summarily dismissed.

The October 23, 2015, Incident

54.     On or about October 23, 2015, at approximately 9:30 a.m., White defendants, acting in concert, arrested plaintiff without cause at 320 Jay Street, Brooklyn, New York, and charged plaintiff with various crimes.

55.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

56.     Prior to the October 23, 2015 arrest, plaintiff had stepped into an elevator to make his way to the courtroom for proceedings in connection with the felony complaint stemming from the October 18, 2015 incident/arrest when he was suddenly accosted by White defendants.

57.     Immediately thereafter, White defendants proceeded to tightly handcuff plaintiff with his hands placed behind his back.

6

58.     White defendants then subjected plaintiff to an illegal and warrantless search with White defendants pushing, shoving, kicking and grabbing the plaintiff.

59.     White defendants' illegal and warrantless search of the plaintiff did not yield any contraband.

60.     Notwithstanding the above, White defendants removed plaintiff from the courthouse, forcibly pushed plaintiff into their police vehicle and transported plaintiff to NYPD-73rd Precinct.

61.     Plaintiff was detained at the precinct for a lengthy period of time.

62.     Eventually, White defendants arranged three separate lineups with the plaintiff identified as the subject of each lineup.

63.     Plaintiff was then forced to appear in each lineup.

64.     Plaintiff was not identified from any of the lineups.

65.     Eventually, after detaining plaintiff for a lengthy period of time, White defendants released plaintiff from his unlawful detention.

66.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

67.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

68.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

69.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70.      The conduct of defendant officers, as described herein, amounted to false arrest.

71.      Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

72.      Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

73.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74.      The conduct of defendant officers, as described herein, amounted to excessive use of force.

75.      Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

76.      Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

77.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78.      That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

79.      Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

80.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

81.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

82.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83.     Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

84.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

85.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

86.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

87.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88.     Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

89.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

90.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

91.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK - against defendant officers

92.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 91 of this complaint as though fully set forth herein.

93.     The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk.

94.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

95.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

96.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 95 of this complaint as though fully set forth herein.

97.     Defendant officers subjected plaintiff to unreasonable search & seizure.

98.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

99.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

100.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 99 of this complaint as though fully set forth herein.

101.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

102.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

103.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

104.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein.

105.     The conduct of defendant officers, as described herein, amounted to unlawful entry.

106.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

107.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

108.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 107 of this complaint as though fully set forth herein.

109.     In an effort to find fault to use against the plaintiff who is black, defendant officers met with themselves and with several other individuals on numerous occasions and agreed to deprive plaintiff of his constitutional rights secured

by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

110. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

111. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

ELEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

112. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

114. Additionally, defendant City of New York, acting through Kenneth P. Thompson and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist

in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

115.     Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

116.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

117.     For example, in *Jones v. City of New York*, 603 Fed. Appx. 13 (2d Cir. 2015), Police Officer David Rodriguez arrested the plaintiff in that matter, Javier Jones, merely because he was allegedly informed that Mr. Jones was in the company of another individual named Frantz Machon who allegedly did display a weapon.

118.     Officer Rodriguez was questioned at his deposition as to whether it is NYPD's policy to charge all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm.

119.     Officer Rodriguez, as the Second Circuit observed, testified that although NYPD "does not have an official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, [] 'That is what we do.'" *Jones*, 603 Fed. Appx. at 15.

120.     Officer Rodriguez did further elaborate that "It is like an accomplice to the person with the firearm[]" and that "the normal procedure is when you have a situation like this, everyone gets charged with the firearm because we are going off on what the victim said . . . if the victim said that [Machon] had a firearm, that is going to be the charge for everyone."

121.   As the plaintiff in Jones successfully argued before the Second Circuit, Officer Rodriguez's testimony shows that he "is unaware that he does not have probable cause to arrest a mere bystander[]" which confirms the fact that "he has not been trained on this issue by the City [and NYPD]."

122.   Here, as was true in Jones, the City and the NYPD has failed to train defendant officers and has failed to instill in them the fact that they lack probable cause to arrest a mere bystander or an individual such as the plaintiff who was merely hanging out with his siblings, relatives, friends and neighbors.

123.   Importantly, as noted above, at no time did the plaintiff gamble nor promote any gambling, and the plaintiff was never in possession of any firearm nor marihuana.

124.   In addition to the above, NYPD Police Officer Michael Carsey was recently convicted of felonies for lying under oath and falsifying information while applying for a search warrant.

125.   Police Officer Carsey's supervisor, Sergeant William Eiseman, had earlier admitted to fabricating facts to justify searching vehicles and homes for cocaine, marijuana and guns, filing false information to obtain search warrants and performing illegal searches of vehicles and homes. That Sergeant Eiseman admitted to perjury and fabricating evidence against innocent persons that he falsely arrested and charged with possession of narcotics and/or illegal drugs, and also admitted to training numerous young police officers to commit similar crimes and/or offenses.

126.   In addition, in or about October 2011, Detective Stephen Anderson testified against Detective Jason Arbeeny, a veteran of the NYPD. That Detective Anderson testified that, among other things, it is a common practice within the NYPD to plant narcotics and/or illegal drugs -- commonly known within the NYPD as "flaking" -- on innocent persons in order to meet arrest quotas. Detective Anderson referred to the practice of planting narcotics and/or illegal drugs on innocent persons as "attaching bodies" to the narcotics and/or illegal drugs. According to Detective Anderson, this practice "was

something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators."

127.     Regarding the issue of arrest quotas, Detective Anderson confirmed that the NYPD requires officers to fill quotas, and testified that even as a detective "you still have a number [of arrests] to reach while you are in the narcotics division."

128.     Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

129.     Prior to his testimony, Detective Anderson and his partner provided false testimony in court claiming that they purchased cocaine from certain individuals who as surveillance video later confirmed did not have any sort of contact or communication with Detective Anderson and his partner during the time period that Detective Anderson and his partner claimed to have purchased the controlled substances and/or illegal drugs.

130.     Detective Arbeeny was subsequently convicted of planting controlled substances and/or illegal drugs on a woman and her boyfriend, and was convicted of the charges against him including official misconduct, offering a false instrument for filing and falsifying business records.

131.     Recently, the New York Supreme Court, County of Kings, Criminal Term, Gustin L. Reichbach, J., determined that the NYPD's drug unit has a system of flawed procedures that caused Detective Arbeeny's unlawful actions. Judge Reichbach further determined that the NYPD's drug unit has a widespread culture of corruption and has adopted a "cowboy culture" and practice which he described as "[a]nything goes in the never-ending war on drugs." That Judge Reichbach expressed shock at what he described as "the seeming pervasive scope of misconduct [and even worse] . . . the seeming casualness by which such conduct is employed."

132.     Further, in or about 2008, the New York Supreme Court, County of Kings, Criminal Term, Albert Tomei, J., determined at a Mapp hearing in *People v.*

*Simms*, Indictment No. 11263/07, which was held on or about September 9, 2008, that the police officers involved in the arrest in that matter are "not credible" and that the police officers' "testimony is so obviously fabricated . . . to avoid any Constitutional objections the defendant may have . . . and that [any] property taken . . . is to be suppressed because it was the product of an unlawful arrest and search and seizure."

133.     In addition to the instances of police misconduct described above, several officers of the NYPD -- including but not limited to Detective Christopher Perino, Police Officer Michael Daragjati, Police Officer Henry Tavarez, Police Officer William Masso, Detective Oscar Sandino, Detective Sean Johnstone, Sergeant Michael Arenella, Sergeant Jerry Bowens, Police Officer Michael Pena, Police Officer Nicholas Mina, Detective Kevin Spellman and Police Officer Admir Kacamakovic -- have recently been convicted of various similar crimes as those described herein including but not limited to falsifying police reports, perjury, corruption, robbery, gun running, drug dealing, prostitution, theft and assault. Former NYPD Commissioner Bernard Kerik was also recently convicted of corruption and similar crimes as those described herein.

134.     In addition to the named individual defendants, several officers of the NYPD assigned to NYPD-73rd Precinct and PSA 2 -- as defendant officers -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

135.     Most of the arrests and charges made by officers assigned to NYPD-73rd Precinct and PSA 2 are usually voided and/or dismissed by prosecutors for lack of evidence.

136.     Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to NYPD-73rd Precinct and PSA 2 concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Eddie Holley v. City of New York* (15 CV 1204); *Annette Young v. City of New York* (14 CV 55); *Diane Dawson v. City of New York* (13 CV 180); *Ramel King v. City of New York* (12 CV 4322); *Tyquan Myrick v. City of*

*New York* (12 CV 2411); *Robert Stephens v. City of New York* (12 CV 1825); *Ramel King v. City of New York* (12 CV 1824); *Paul Lewis v. City of New York* (12 CV 1323); *Jermaine Tolbert v. City of New York* (12 CV 537); *Anthony Holley v. City of New York* (12 CV 259); *Jermaine Tolbert v. City of New York* (11 CV 4871); *Geneeza Walls v. City of New York* (10 CV 5769).

137. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

138. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

139. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TWELFTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE
I, §§ 6 & 12 - against defendants

140. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 139 of this complaint as though fully set forth herein.

141. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, § 6 (providing for

due process) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

142.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 6 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

143.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 6 & 12 of the New York Constitution.

144.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

**THIRTEENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants**

145.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 144 of this complaint as though fully set forth herein.

146.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

147.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**FOURTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants**

148.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 147 of this complaint as though fully set forth herein.

149.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained injuries with the accompanying pain.

150.     The conduct of the defendants, as described herein, amounted to assault and battery.

151.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

152.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 151 of this complaint as though fully set forth herein.

153.     Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

154.     Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

155.     Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

156.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

157.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

158.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 157 of this complaint as though fully set forth herein.

159.     Defendants unlawfully entered into plaintiff's premises without any warrant, permission or consent.

160.     Defendants performed a warrantless search of the premises, and subjected plaintiff to an unreasonable search and seizure.

161.     The conduct of defendants, as described herein, amounted to trespass.

162.   Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: TORTS (UNREASONABLE SEARCH AND SEIZURE) - against defendants

163.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 162 of this complaint as though fully set forth herein.

164.   The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable search and seizure, and unreasonable detention.

165.   Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTEENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

166.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 165 of this complaint as though fully set forth herein.

167.   Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

168.   The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

169.   Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINETEENTH CAUSE OF ACTION: TORTS (DEFAMATION) - against defendants

170.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 169 of this complaint as though fully set forth herein.

171.   Defendants falsely alleged that the plaintiff was, among other things, promoting gambling, and in possession of a firearm, weapon and marihuana.

172.     On or about June 13, 2015, October 18, 2015 and October 23, 2015, respectively, defendants published their aforesaid false allegations to plaintiff's colleagues, neighbors, friends and family including, but not limited to, Shavonna Arrington, Shavonte Ross and Ramel King.

173.     The above statements by the defendants were made without any just cause or truth to the statements. Additionally, defendants made such statements maliciously, knowing said statements to be absolutely false.

174.     Defendants made aforesaid false and malicious statements with the sole intent of exposing plaintiff to public contempt, hatred, ridicule, aversion, disgrace and to induce an evil opinion of the plaintiff and cause plaintiff to be shunned or avoided and injure plaintiff in his employment or occupation.

175.     By reason of defendants' statements and actions, plaintiff has been injured in his good name and reputation and has suffered and continues to suffer great pain and mental anguish and has been held and continues to be held in ridicule and contempt by his family members, neighbors, colleagues, friends, acquaintances and the public.

176.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## TWENTIETH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

177.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 176 of this complaint as though fully set forth herein.

178.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

179.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

180.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWENTY-FIRST CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

181.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 180 of this complaint as though fully set forth herein.

182.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

183.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

184.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

185.     Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a

trial by jury.

Dated: Brooklyn, New York
      June 2, 2016

                          UGO UZOH, P.C.

                               /s/

                              _____

By:    Ugochukwu Uzoh (UU-9076)
           Attorney for the Plaintiff
           304 Livingston Street, Suite 2R
           Brooklyn, N.Y. 11217
           Tel. No: (718) 874-6045
           Fax No: (718) 576-2685
           Email: u.ugochukwu@yahoo.com